IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDALL DAVID DUE, | |
| Plaintiff, | 8:20CV172 |
| v. | |
| JOSEPH F. BATAILLON; JOHN DOE, US Marshal(s); LAURIE SMITH CAMP; JOHN M. GERRARD; F. A. GOSSETT; THOMAS D. THALKEN; RICHARD G. KOPF; ROBERT T. DAWSON; MATTHEW R. HOFFMAN; BRIAN D. BAILEY; DENISE M. LUCKS; MICHAEL CARVAJAL; KEN HYLE; and BRADLEY T. GROSS, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Randall David Due ("Due"), a pro se prisoner at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed a Complaint (Filing No. 1) on March 16, 2020, in the United States District Court for the Southern District of Illinois. Due was given leave (Filing No. 9) to proceed in forma pauperis.

On May 4, 2020, the Honorable J. Phil Gilbert determined the District of Nebraska is the appropriate forum for this action and transferred (Filing No. 13) this matter to this Court. *See* 28 U.S.C. §§ 1391(b), 1404(a). This matter was originally assigned to the Honorable Richard G. Kopf ("Judge Kopf") as the supervising pro se judge but was later reassigned because Judge Kopf[1] is named as a defendant. The Court now conducts an initial review to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

---

[1]The complaint incorrectly lists Judge Kopf's last name as "Koph." The docket sheet has been corrected to reflect the proper spelling.

I.  SUMMARY OF COMPLAINT

In addition to Judge Kopf, Due names as defendants United States District Court Judges Joseph F. Bataillon ("Judge Bataillon"), Laurie Smith Camp ("Judge Smith Camp"), John M. Gerrard ("Judge Gerrard"), and Robert T. Dawson ("Judge Dawson"), and United States Magistrate Judges F. A. Gossett ("Judge Gossett") and Thomas D. Thalken ("Judge Thalken"). He also brings this action against unnamed "John Doe" employees of the United States Marshals Service (the "Does"); Assistant United States Attorneys Matthew R. Hoffman ("Hoffman") and Brian D. Bailey ("Bailey"); Clerk of the United States District Court of Nebraska Denise M. Lucks ("Lucks"); and Bureau of Prisons employees Michael Carvajal, Ken Hyle, and Bradley T. Gross ("BOP Employees").[2] Due's Statement of Claim consists of the following:

> "ILLEGAL DETENTION based upon U.S. Constitutional violations committed by the Judicial officers of the court pre-trial, during trial and post-conviction thru the present.
>
> Details shall be provided with/in 'Discovery' to follow.
>
> Parties are being sued in their Individual and personal capacity as the judges have a 'Personal Bias' against petitioner as may be evidenced by the Constitutional Criminal Complaint filed against them by the petitioner.
>
> . . . .
>
> Judge ROBERT T. DAWSON (the sitting judge at trial) acted without 'SUBJECT MATTER JURISDICTION' because of his denial of petitioner's 5th Amendment Right of Due Process Eleven (11) times during trial[.]
>
> . . . .
>
> LAURIE SMITH CAMP comitted [sic] 'perjury' on the witness stand during trial.
>
> . . . .

---

[2] Due also named FCI-Greenville's warden as a defendant in his complaint. He was dismissed without prejudice (Filing No. 13) before the case was transferred.

2

U.S. Attorney MATTHEW R. HOFFMAN and Judge ROBE[R]T. DAWSON conspired to Tamper with the jury to obtain a guilty conviction at any cost.

Due refers to "Exhibit G" in his Statement of Claim, which is attached to his complaint and consists of portions of the transcript from Due's criminal case in this Court at Case No. 8:12CR344. Due summarized and typed some portions of the transcript himself. Due also includes what appears to be a cover page for Due's self-styled "United States Constitution Citation Criminal Complaint" and list of parties to that "complaint," including many of the defendants named here, which he filed in the United States District Court for the Middle District of Georgia. A check of federal court records available on PACER shows that Due's "Criminal Complaint" was dismissed as frivolous on June 4, 2014. *See Due v. Smith Camp, et al.*, No. 1:14-cv-87 (WLS) (M.D. Ga. June 4, 2014).

Also attached to Due's complaint is a document entitled "Affidavit Notice of Acceptance of 'Contract' Offer" addressed to "All Public Officials, Officers, Employees and Agents of the Government; and of the Federal District 'legislative' Court system of 'Limited Jurisdiction,' the U.S. Marshal Service, the Department of Justice, and it's various 'agencies' especially the Bureau of Prisons (BOP)." That document purports to establish a "contract" between Due and the listed government officials whereby the officials are required to perform according to their oaths and uphold Due's rights. The document further purports to be a "binding contract if they do not rebut it" and sets Due's "fee for proceeding with any matter which would prejudice [his] Rights in this 'contract,' in the absence of a rebuttal by sworn Affidavit or Declaration" as "$10,000.00 per day."

Due seeks damages of $10,000 "per count" against each defendant in their individual and official capacities as well as punitive damages.

II.     **STANDARD OF REVIEW**

The Court is required to review prisoner and in-forma-pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).

**III. DISCUSSION**

Due seeks damages against several federal judges and other federal officials in both their official and individual capacities. Because Due seeks relief against federal officials, his claims are properly considered pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*,

160 F.3d 1199, 1203 n.6 (8th Cir. 1998).[3] "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). For the reasons explained below, Due's complaint fails to state a *Bivens* claim for relief against any of the named defendants and will be dismissed.

### A. Official-Capacity Claims

Due's claims against the defendants in their official capacities are barred by sovereign immunity. Absent an express waiver, the doctrine of sovereign immunity bars a claim for money damages against the United States, its agencies, and its officers in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that a *Bivens* claim cannot be brought against a federal agency). Because "[s]overeign immunity is jurisdictional in nature," *id*. (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction")), and because no waiver of sovereign immunity applies in this case, Due's claims alleged against all the defendants in their official capacities must be dismissed for lack of jurisdiction.

### B. Judicial Immunity

Due alleges Judge Dawson acted without subject-matter jurisdiction and violated Due's Fifth Amendment due-process rights while presiding over Due's criminal trial. Due also alleges Judge Dawson conspired with Hoffman to tamper with the jury to obtain

---

[3]In *Bivens*, the "[Supreme] Court recognized an implied cause of action for damages against federal officers alleged to have violated the petitioner's Fourth Amendment rights." *Hui v. Castaneda*, 559 U.S. 799, 803 n.2 (2010). It subsequently found the *Bivens* "remedy available for violations of an individual's rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment and the Due Process Clause" of the Fifth Amendment. *Id.* (citing *Carlson v. Green*, 446 U.S. 14, 17-19 (1980), and *Davis v. Passman*, 442 U.S. 228, 230 (1979)). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017).

a conviction.[4]  However, Due's claims against Judge Dawson based on actions taken in his judicial capacity are barred by the doctrine of judicial immunity.

Judges are absolutely immune from suits for damages arising from acts in their judicial capacities, even if in error, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted).  Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11.  Moreover, "a judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal quotation omitted).

While Due alleges that Judge Dawson "acted without subject matter jurisdiction," his allegations are completely conclusory and lack any factual support.  All acts Due complains of were taken in the context of his federal criminal trial in Case No. 8:12CR344, and all of Judge Dawson's actions were taken in his judicial capacity.  It is equally evident from review of the record that Judge Dawson, a duly appointed federal judge, had jurisdiction to preside over Due's criminal trial. Thus, despite Due's conclusory assertions to the contrary, Judge Dawson did not act in "complete absence of all jurisdiction," and he is entitled to immunity. *Mireles*, 502 U.S. at 12-13.

    **C.**     **Witness Immunity**

Due also alleges in a conclusory fashion that Judge Smith Camp violated his constitutional rights by committing perjury on the witness stand during his criminal trial. To the extent Due asserts any claims against Judge Smith Camp for acts taken in her

---

[4]Due's conspiracy claim will be discussed in greater detail below.

judicial capacity, his claims are barred by the doctrine of judicial immunity as discussed above. Due's claims asserted against Judge Smith Camp in her capacity as a witness are likewise barred by the absolute immunity applicable to trial witnesses.

As the United States Supreme Court has explained,

> In *Briscoe* [*v. LaHue*, 460 U.S. 325 (1983)], . . . this Court held that the immunity of a trial witness sued under § 1983 is broader: In such a case, a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony. When a witness is sued because of his testimony, the Court wrote, "'the claims of the individual must yield to the dictates of public policy.'" 460 U.S. at 332-33 (quoting *Calkins v. Sumner*, 13 Wis. 193, 197 (1860)). Without absolute immunity for witnesses, the Court concluded, the truth-seeking process at trial would be impaired. Witnesses "might be reluctant to come forward to testify," and even if a witness took the stand, the witness "might be inclined to shade his testimony in favor of the potential plaintiff" for "fear of subsequent liability." 460 U.S. at 333.

*Rehberg v. Paulk*, 566 U.S. 356, 367 (2012).

Witnesses enjoy absolute immunity from civil-rights suits even where the witness's testimony is alleged to be perjurious. *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir. 1979) (citing cases where absolute immunity applied to *Bivens*-type claims). Accordingly, Due's claims against Judge Smith Camp in her individual capacity are barred by absolute immunity.

   **D.**  **Prosecutorial Immunity**

Liberally construed, Due's complaint alleges Hoffman and Bailey violated his constitutional rights by conspiring with Judge Dawson to tamper with the jury to obtain Due's conviction. It appears Due's claim is based on objections he had to the jury instructions given at his trial.

Initially, the Court notes Due's conclusory allegations are insufficient to state a plausible conspiracy claim. To state a § 1983 or *Bivens* conspiracy claim, a plaintiff must allege "an agreement between the parties to inflict a wrong against or injury upon

7

another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) (internal citation and quotation marks omitted); *see also Solomon*, 795 F.3d at 789 n.7 (finding the same analysis applies to *Bivens* claims and § 1983 claims). Due's allegations fall far short of this standard.

Additionally, Hoffman and Bailey are entitled to absolute immunity from Due's claims for damages. "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id*. "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996), *see also Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) ("A *Bivens* (or § 1983) action for retaliatory prosecution will not be brought against the prosecutor, who is absolutely immune from liability for the decision to prosecute."). Here, Due does not allege any acts by Hoffman and Bailey that would fall outside the scope of their prosecutorial functions during Due's criminal proceedings. Accordingly, the Court will dismiss Due's claims against Hoffman and Bailey because they are immune from suit.

### E.     Rules of Pleading

Finally, Due also named Judges Bataillon, Gerrard, Gossett, Thalken, and Kopf; the Does; Lucks; and three BOP employees as defendants in the complaint. However, he makes no allegations against any of them in the body of his complaint. For example, he

does not allege that any of them are personally involved in the alleged constitutional violations or in his prior criminal trial for that matter.[5]

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Knight-Bey v. Bacon*, No. 8:19CV330, 2020 WL 1929075, at *2 (D. Neb. Apr. 21, 2020) (quotation omitted); s*ee also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (unpublished per curiam) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)). Accordingly, Due's complaint fails to state a claim against any of the remaining defendants.

### IV.  CONCLUSION

Due's claims against defendants in their official capacities are barred by sovereign immunity. In addition, his claims against Judge Dawson, Judge Smith Camp, Hoffman, and Bailey in their individual capacities are barred by various forms of absolute immunity. Due has failed to allege any factual allegations concerning the remaining defendants, and his complaint is therefore subject to dismissal under 28 U.S.C.

---

[5]Even if the Court were to construe Due's complaint as alleging Judges Bataillon, Gerrard, Gossett, Thalken, and Kopf were involved in his criminal case, they would be entitled to immunity for the same reasons discussed above with respect to Judge Dawson.

9

§§ 1915(e)(2) and 1915A. Due will not be given leave to amend his complaint as the Court concludes that any amendment would be futile.

Based on the foregoing,

IT IS ORDERED:

1. This matter is dismissed with prejudice.
2. A separate judgment shall be entered in this case.

Dated this 14th day of September 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

10